UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TREON D. VAUGHN,

    **Plaintiff,**

    v.                                                     Case No. 25-C-1305

JUDGE ANTHONY MILISAUSKAS,

    **Defendant.**

---

## SCREENING ORDER

---

    Plaintiff Treon Vaughn filed a complaint in this action against Kenosha County Circuit Court Judge Anthony Milisauskas. Dkt. No. 1. Plaintiff has also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 4. Because it appears he is indigent and therefore unable to pay the filing fee, Plaintiff's motion to proceed *in forma pauperis* will be granted, but the case will be dismissed.

    District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is a non-lawyer, serves the important function of protecting putative defendants from the expense of hiring an attorney to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Id.* Given the increase in lawsuits filed by nonlawyers who are not bound by Attorney's Rules of Professional Responsibility and the substantial cost of retaining an attorney for federal litigation, prompt screening of pro se complaints by the court would seem an essential tool for fulfilling the command that the Federal Rules of Civil Procedure "be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

At the same time, when exercising its screening discretion, a court "must take care that initial impressions, and the lack of an adversarial presentation, not lead to precipitate action that backfires and increases the duration and cost of the case." *Hoskins*, 320 F.3d at 763. In screening a complaint, the court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted and whether the court has subject matter jurisdiction. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8, 12(h)(3).

The complaint alleges that Plaintiff was improperly subjected to a modification of his obligation to register as a sex offender. Specifically, Plaintiff alleges that his original registration requirement as issued by a state circuit court totaled 15 years. Later, he alleges that his registration requirement was improperly modified by Defendant Judge Milisauskas to impose an additional 15 years. Plaintiff asks this court to invalidate the later state court action, issue an injunction prohibiting any enforcement of an extended registration term, expunge registration records, and order various monetary damages.

Plaintiff's claims against Judge Milisauskas must be dismissed on the ground of judicial immunity. Judges have absolute immunity for judicial actions taken within their court's jurisdiction. *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). "The doctrine of absolute immunity protects the integrity of the judicial process by ensuring that timorous judges can act on their best view of the merits[.]" *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012). Indeed, judicial immunity is an immunity from suit all together, not just a "mere defense to liability." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991). Nor

can "judicial immunity [be] overcome by allegations of bad faith or malice." *Myrick v. Greenwood*, 856 F.3d 487, 488 (7th Cir. 2017) (citing *Mireles*, 502 U.S. at 11). Thus, Plaintiff's claims concerning the actions taken by Judge Milisauskas, for which he is entitled to absolute judicial immunity, are dismissed.

In his prayer for relief, Plaintiff also appears to seek declaratory and injunctive relief, asking the court to declare that "the 34-year requirement is invalid and void;" enter an injunction "preventing enforcement of the extended term, limiting Plaintiff to the 15-year term as originally ordered;" and expunge the "registration records, if possible." Dkt. No. 1 at 5. The court concludes that it must abstain from hearing these issues under *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with on-going state proceedings. *Id.* at 45; *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Given the issues Plaintiff has presented, deciding federal constitutional claims in this court could (and likely would) undermine the state court proceedings. For this reason, and because the relief Plaintiff seeks can be obtained in the state court system, *Younger* abstention is appropriate.

One final issue warrants comment. Plaintiff has been informed on multiple prior occasions that judges are immune from suit. *See Vaughn v. Family Court of Kenosha County*, No. 25-C-1255, 2025 WL 2576404, at *2 (E.D. Wis. Sep. 5, 2025); *Vaughn v. Griesbach*, No. 25-C-437, 2018 WL 1257813, at *3 (E.D. Wis. Mar. 12, 2018); *Vaughn v. Stadtmueller*, No. 17-C-164, 2017 WL 921962, at *2 (E.D. Wis. Mar. 8, 2017). Additional filings blatantly ignoring this court's admonition may result in restrictions on his ability to file, monetary sanctions, or both. If Plaintiff is dissatisfied with state trial court outcomes, he should appeal via the proper state court channels.

3

For these reasons, Plaintiff's complaint will be dismissed. While a district court must generally allow a plaintiff the opportunity to file an amended complaint when it dismisses a complaint at screening, it is unnecessary in cases such as this one where the amendment would be futile. *See Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("[D]istrict courts have broad discretion to deny leave to amend . . . where the amendment would be futile."). Accordingly, this action is **DISMISSED**. Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 4) is **GRANTED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 16th day of September, 2025.

_____
William C. Griesbach
United States District Judge